IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RYAN MITCHELL RICHEY,<br><br>    Plaintiff,<br><br><br><br><br><br><br><br>       vs.<br><br><br>TAHITIAN NONI INTERNATIONAL,<br>INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND<br>ORDER GRANTING IN PART AND<br>DENYING IN PART<br>DEFENDANT'S RULE 12(b)(6)<br>MOTION TO DISMISS AND<br>DENYING PLAINTIFF'S REQUEST<br>TO CONVERT MOTION TO<br>SUMMARY JUDGMENT<br><br><br><br><br>Case No. 2:05-CV-514 TS |

This matter is before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss and

Plaintiff's Request to Convert Motion to Summary Judgment and Request for Extension of

Time.

Plaintiff Ryan Mitchell Richey (Richey) brings the following claims against his former

employer Tahitian Noni International (TNI): discrimination on the basis of disability in

violation of the Americans With Disabilities Act (ADA); retaliation for exercising rights under

the ADA; the Family and Medical Leave Act (FMLA); Invasion of Privacy-False Light; and

Intentional Infliction of Emotional Distress.  TNI moves to dismiss all claims for the failure to state a claim. The Court will address each, in turn.

<u>Standard for Rule 12(b)(6) Motion to Dismiss</u>

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Richey as the nonmoving party.[1]  A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery.[2]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3]  But, the court "need not accept conclusory allegations without supporting factual averments."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

---

[1]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

[3]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

ADA

Defendant contends that, as a matter of law, Plaintiff's alleged difficulties with prolonged standing, walking or sitting as a result of his Reflex Sympathetic Dystrophy (RSD) is not a disability within the meaning of the ADA.  Richey responds that he has alleged the elements of a claim under the ADA, all that the Tenth Circuit case law requires him to do at this stage of the proceedings.[6]  In the alternative, if he is required to address his prima facie case, Richey seeks to have this motion converted to one for summary judgment and for additional time for discovery to allow him to respond.[7]

In support of its position, TNI relies upon cases where courts granted summary judgment in favor of employers and against employees with RSD or problems with standing, walking, or sitting.[8]  But, contrary to TNI's arguments, those cases did not hold, as a matter of law, that "neither RSD nor a problem with prolonged standing, walking or sitting constitutes the type of impairment necessary for a claim under the ADA."[9]  Instead, those cases generally held that the plaintiffs therein failed to meet their burden on summary judgment of producing evidence from which a reasonable jury could find they were disabled within the meaning of the ADA.  For example, in *McCleary*, the court granted

---

[6]*Jackson v. Iasis Healthcare Corp.*, 92 Fed. Appx. 763 (10th Cir. 2004).

[7]Neither party has attached any materials outside the pleadings to their briefing on the present motion.  *See* Fed. R. Civ. P. 12(b).

[8]*McCleary v. National Cold Storage, Inc*, 67 F.Supp.2d 1288 (D. Kan. 1999) (plaintiff with RS); *Kubsch v. National Standard Company*, 995 WL 646320 (N.D. Ind. 1995) (unpublished case where plaintiff had RSD); *Hinojosa v. Jostens, Inc.*, 128 Fed. Appx. 364 (5th Cir. 2005)(unpublished case where plaintiff had RSD).

[9]Def.'s Mem. at 1.

summary judgment in favor of an employer where the plaintiff with RSD did not come forward with evidence on summary judgment to show (1) that he had a diminished capacity for walking and standing compared to the average person in the general population or (2) that it significantly restricted his ability to perform either a class of jobs or a broad range of jobs in various classes as compared to average person having comparable training, skills, and abilities.[10]   The cases cited by TNI are more accurately characterized as standing for the proposition that a mere diagnosis of RSD or a mere diagnosis of problems with prolonged sitting, standing, or walking, is not necessarily sufficient to meet the evidentiary standards for showing the individual plaintiff has a disability within the meaning of the ADA.[11]   Cases holding that a plaintiff has failed in his or her burden of producing sufficient evidence opposing a summary judgment motion are inapposite to the application of the very different standard applicable to this motion to dismiss.  The Court agrees with Plaintiff that, at this stage of the proceedings, he need only meet the Rule 12(b)(6) standard quoted above.  As noted in *Jackson*, the *McDonnell Douglas* prima facie analysis is an "evidentiary standard, not a pleading requirement" necessary to survive a 12(b)(6) motion.[12]

Plaintiff has alleged the basic elements of an ADA claim that he was discriminated against in his employment because he was disabled, was regarded as disabled, or had a

---

[10]67 F.Supp.2d 1301-1303.

[11]*See Id.*,at 12 ("The definition of disability can be broken down into three elements-impairment, major life activity, and substantial limitation-that correspond to a three-step process.")(citations omitted).

[12]92 Fed. Appx. 763 (quoting *Swierkeiwicz v. Sorema N.A.*, 534 U.S. 506, 510-13 (2002)).

record of a disability.  Whether or not there is a lack of evidence to support his prima facie claims under the ADA would be a matter for summary judgment, not the present 12(b)(6) motion to dismiss.  For these reasons, the Court will deny TNI's Motion to Dismiss Richey's ADA claims.

    Plaintiff's Alternative Motion to Convert

Because the Court denied the Motion to Dismiss the ADA claim, the Court will deny Plaintiff's alternative motion to convert the motion to dismiss the ADA claim to one for summary judgment as moot.

    FMLA

TNI moves to dismiss Richey's FMLA claim because at the time he was fired, he was not a covered employee eligible for leave under the FMLA.  Richey opposes and argues that under the FMLA, he need not be an eligible employee if he was retaliated against because he made it known that he may use FMLA leave in the future.  In support, he relies upon *Welty v. Honda of America, Mfg., Inc.*[13]

There is a split of authority on whether the FMLA protects against retaliation for an employee who, before he or she becomes eligible under the FMLA, requests to use the

---

[13]2005 WL 1334923 (S.D. Ohio June 6, 2005).

leave in the future after he or she will become eligible for such leave.[14]  This is a matter on

which the Tenth Circuit has not yet ruled.

    This Court need not decide which interpretation of the FMLA is correct, because,

even if it were to adopt the *Walker* line of cases, Richey has not alleged or shown that he

requested such leave.  In *Wellbrusher*, the court dismissed the claim because the plaintiff

failed to allege that she requested leave and instead alleged only that she requested

benefit information.  As a result, the court held that any "retaliation is alleged to have

occurred because of her interest in medical leave" not because of a protected "request for

medical leave."  In the absence of an actual request, oral or written, to use FMLA leave in

the future when the employee will be eligible, there is no claim for retaliation under the

FMLA.[15]  As in *Wellbrusher*, Richey alleges that he inquired about the availability of leave

in the future, but  does not allege that he requested such leave to occur at a time when he

would be eligible.[16]  Accordingly, he does not state a claim for retaliation for the exercise

---

[14]*Compare Morehardt v. Spirit Airlines, Inc.*, 174 F.Supp. 2d 1272, 1280 n.43
(M.D. Fla. 2001) (collecting cases and holding that any action taken by an employee
before becoming an eligible employee under the FMLA are not FMLA protected) *with
Walker v. Elmore County Board of Education*, 223 F.Supp.2d 1255, 1260 (M.D. Ala.
2002) (rejecting *Morehardt* and holding that language of the FMLA and related
regulations make it clear that an employee giving required advance notice of her intent
to take leave after she became eligible could state a claim for retaliation under FMLA);
*Wellbrusher v. National Line Inc., Inc.*, 2003 WL 22038695 (S.D. Fla. 2003).

[15]*Wellbrusher*, 2003 WL 22038695 *2.

[16]Complaint at ¶¶ 26 (Human resources responded to Richey's inquiry and
informed him his FMLA eligibility date would be his first year anniversary); 36 (Richey
told he was fired because he had missed work in past and may miss work in future due
to medical condition); 66 (Richey fired seven days before he was covered by FMLA so
that he would not become eligible); and 67 (TNI knew Richey "would have to use FMLA

of a right protected under the FMLA under the *Walker* line of cases and his FMLA claim will be dismissed.

Retaliation

TNI moves to dismiss Richey's claim for retaliation for exercising rights under the ADA or Title VII for the failure to exhaust administrative remedies because he did not bring the claim before the Equal Employment Opportunity Commission (EEOC).

Richey contends that his Complaint alleges acts that occurred during the pendency of the charge and therefore alleges new acts may be included under the Tenth Circuit's continuing violation theory.[17]  TNI contends that such case law is abrogated in more recent cases.[18]

The filing of a discrimination charge with either a state or federal administrative agency is a prerequisite to filing an ADA or a Title VII discrimination suit in federal court.[19] Richey did not mark the box on the form to show he was raising a claim for retaliation.[20] Where the employee does not mark a box for a particular type of discrimination, it creates

---

leave" to take care of his condition).

[17]*Seymour v. Shawver*, 111 F.3d , 794, 799 (10th Cir. 1997).

[18]*Dunlap v. Kansas Dept. Of Health and Environment*, 127 Fed. Appx. 433, 438 (10th Cir. 2005).

[19]*Shikles v. Sprint/United Management Co.*, 42 F.3d 1304, 1309-10 (10th Cir. 2005)(employee must also cooperate with the EEOC to exhaust his or her administrative remedies under Title VII, ADA, or ADEA).

[20]Complaint, Ex. A. (Charge of Discrimination).

a presumption that the complainant is not asserting claims under those theories.[21]   As in *Gunnell*, Richey wrote nothing in the narrative portion of the complaint to suggest retaliation, so there is nothing to rebut the presumption.[22]

The Court agrees with TNI that earlier case Tenth Circuit law to the contrary has been abrogated by U.S. Supreme Court and Tenth Circuit case law.  Under current case law  "each discrete incident" of discrimination "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted,"[23] therefore abrogating the continuing violation theory for discrete incidents of retaliation.

In his Complaint, Richey alleges that TNI received notice that he had contacted the EEOC on or about November 2, 2004.[24]  He alleges that on November 20, 2004, his former supervisor text-messaged him that she had been threatened.[25]  He alleges that this threat undermines his former supervisor's willingness to engage in the EEOC proceedings on his behalf.[26]  He alleges that he filed his charges with the EEOC on December 1, 2004, over a week after the alleged retaliation.[27]   He did not include this alleged retaliation in his

---

[21]*Gunnell v. Utah Valley State Coll.,* 152 F.3d 1253, 1260 (10th Cir.1998).

[22]*Id.*

[23]*Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (quoting *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).

[24]Complaint, at ¶ 39.

[25]*Id.* at ¶ 40.

[26]*Id.* at ¶ 71-72.

[27]*Id.* at ¶ 41.

charges.   Therefore, Richey fails to show that he exhausted his administrative remedies for his claim of retaliation and it will be dismissed.

<u>Invasion of Privacy-False Light</u>

TNI moves to dismiss Richey's claim for invasion of privacy–false light on the ground that his allegation does not state a claim because the information at issue was not communicated to the public and instead that communication was merely communicated to one person and faxed to a doctor's office.

Plaintiff contends that the information was communicated on the cover of the fax and was therefore available to everyone in the doctor's office.  In support, Richey argues that there were ten people in the doctor's office–an argument of counsel not supported by a factual allegation.

> The "false light" privacy tort provides that one is subject to liability to another for invasion of privacy if (1) he or she gives publicity to a matter concerning another that places the other before the public in a false light[; (2) ] the false light in which the other was placed would be highly offensive to a reasonable person[;] and [ (3) ] the actor ha[d] knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.[28]

> Public disclosure "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Restatement (Second) of Torts § 652D cmt. a (1977).  Thus, communicating a private fact "to a small group of persons," for example, does not constitute public disclosure.  [*Id*.]  Nonetheless, the size of the audience that receives

---

[28]*Stein v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 380 (Utah Ct. App. 1997) (quoting *Russell v. Thomson Newspapers, Inc.*, 842 P.2d 896, 907 (Utah 1992)) (quoting Restatement (Second) of Torts § 652E (1977))). *See also Jensen v. Sawyers*, __ P.3d ___, 2005 WL 3043691 (Utah 2005) (discussing false light invasion of privacy).

the communication, though an important consideration, is not dispositive of the issue. Rather, the facts and circumstances of a particular case must be taken into consideration in determining whether the disclosure was sufficiently public so as to support a claim for invasion of privacy.[29]

In the present case the allegations are that information was written on a fax cover sheet and TNI's employee "conveyed information to the staff of [Richey's doctor] through" fax and telephone conversation[30] and "faxed a coversheet labeled 'Facsimile Transmission'" to the doctor's office[31] and stated in the coversheet to the doctor the allegedly objectionable information.[32]

This falls short of alleging a public disclosure. The assertion of counsel regarding the number of employees in the doctor's office does not appear in the Complaint.[33] The Court will grant the Motion to Dismiss the invasion of privacy-false light claim but will grant leave to amend within ten days of the entry of this Order.

<u>Intentional Infliction of Emotional Distress</u>

Under Utah law, a plaintiff must prove four elements to establish an intentional infliction of emotional distress claim: (i) the [defendant's] conduct [complained of] was outrageous and intolerable in that it offended ... generally accepted standards of decency and morality; (ii) [the defendant] intended to cause, or acted in reckless disregard of the likelihood of causing,

---

[29]*Shattuck-Owen v. Snowbird Corp*., 16 P.3d 555, 558-89 (Utah 2000)(internal citations and quotations partially omitted).

[30]Complaint at ¶78.

[31]*Id*. at ¶ 33.

[32]*Id*. at ¶ 35.

[33]Pl.'s Mem. at 9.

emotional distress; (iii) [the plaintiff] suffered severe emotional distress; and (iv) [the defendant's] conduct proximately caused [the] emotional distress.[34]

In determining whether to dismiss an intentional infliction of emotional distress claim for failure to state a claim, the "sufficiency of the pleadings must be determined by the facts pleaded rather than the conclusions stated.[35]  The operative facts alleged are that TNI criticized Richey for using a handicapped stall, for taking time off, questioned whether he actually had medical treatment when he took time off for that reason, cut his work from eight hours a day to five so he became ineligible for some benefits, and fired him seven days before he became eligible for FMLA coverage.  Richey contends that this conduct is more outrageous than the employer's insensitive conduct found not to constitute outrageous conduct offending generally accepted standards of decency and morality in *Murphy v. Facet 58, Inc.*[36] The Court does not agree.  The conduct alleged in *Murphy* was the firing of a sixty-four year old just short of retirement and hiring a younger employee, making false promises to employees to motivate them, and asking the employee if he would like to retire, and then telling him he had no choice because he was being fired.[37] Discharge from employment does not rise to the level of outrageous or intolerable conduct

---

[34]*Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (quoting *Retherford v. AT & T Communications of the Mountain States, Inc.*, 844 P.2d 949, 970-71 (Utah 1992).

[35]*Franco v. The Church of Jesus Christ of Latter Day Saints*, 21 P.3d 198, 206 (Utah 2001).

[36]329 F.Supp.2d 1260 (D. Utah 2004).

[37]*Id.*

by an employer.[38]  Having considered the allegations, the Court finds that they do not rise to the level of an intentional infliction of emotional distress under Utah law.

ORDER

Based upon the foregoing, it is therefore

ORDERED that Defendant's Rule 12(b)(6) Motion to Dismiss (Docket No. 6) is GRANTED IN PART and Plaintiff's claims for retaliation, FMLA, invasion of privacy-false light, and intentional infliction of emotional distress are DISMISSED.  It is further

ORDERED that Plaintiff is granted leave to amend his Complaint to allege a claim for invasion of privacy–false light within ten days of the entry of this Order.  It is further

ORDERED that Defendant's Rule 12(b)(6) Motion to Dismiss (Docket No. 6) is OTHERWISE DENIED.   It is further

ORDERED that Plaintiff's Request to Convert Motion to Summary Judgment and Request for Extension of Time (Docket No. 12) is DENIED as moot.

DATED  December 13, 2005.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[38]*Dubois v. Grand Central*, 872 P.2d 1073 (Utah App. 1994)(allegations of discharge accompanied by allegedly false accusation of purchasing product at unauthorized price did not state claim for intentional infliction of emotional distress).

12